IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SCOTTY WAYNE DAMERON, ) | |
| Plaintiff, ) | Civil Action No. 7:06CV00229 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| RONALD MATTHEWS, et al., ) | By Hon. Glen E. Conrad |
| Defendants. ) | United States District Judge |

The plaintiff, Scotty Wayne Dameron, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed the complaint, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).*

Background

The plaintiff is presently incarcerated at the Albemarle County Regional Jail. The plaintiff alleges that an inmate in his cell block has been passing a paper bag filled with human waste through the tray slot. The plaintiff alleges that even though he has complained about the problem, officials at the jail continue to supply the inmate with paper bags. The plaintiff indicates that because he has to receive his food and drinks through the same tray slot, and he does not know whether the inmate has any diseases, the inmate's conduct is "very nasty."

Discussion

The Eighth Amendment to the United States Constitution protects inmates from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). However, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient

---

* Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

conditions of confinement. Id. at 347. In order to state a claim of constitutional significance, an inmate must allege facts which show that he has sustained a "serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). An inmate must also allege facts which show that prison officials have acted with deliberate indifference. Id. at 1379.

Applying these principles to the plaintiff's allegations, the court concludes that the plaintiff has failed to state a claim under the Eighth Amendment. While the inmate's use of the tray slot is indeed offensive and unsanitary, the plaintiff does not allege that he has suffered any injury as a result of the inmate's conduct.

For the reasons stated, the plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendant.

ENTER: This 21st day of April, 2006.

_____
United States District Judge